### Lithflux Mineral & Chemical Works, Appellant, v. W. H. & F. Jordan, Jr. (corporation), Appellee.

#### Gen. No. 25,722.

1. SALES, § 130*—*when delay in performance not excused.* Under a contract providing for "prompt shipment" of a quantity of hyposulphite, a contention of the plaintiff that delay was excused on the ground of interference by the government was contradictory of a claim that prompt shipment meant by custom within 30 days, and could not be sustained when one of the witnesses for the plaintiff testified that the contract was made after the government's interference.

2. SALES, § 71*—*when construction of contract as to time for shipment sustained.* Under a contract providing for prompt shipment of a quantity of hyposulphite, where the evidence conflicted as to the meaning of the term "prompt shipment," a finding of the trial judge that 2 or 3 days would fulfil the stipulation for prompt shipment was justified by the evidence and was not contrary to the manifest weight of the evidence, wherefore such finding would not be interfered with.

3. SALES, § 71*—*how provision for "prompt shipment" construed.* A contract providing for "prompt shipment" of goods implies expedition and admits of less delay than would be permitted under a contract to act merely within a reasonable time.

Appeal from the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed March 8, 1920.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

JOHN S. CHARONE, for appellant.

JOSEPHINE E. MELVILLE, for appellee; WILLIS MELVILLE, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

October 23, 1918, plaintiff made a contract with defendant to deliver, at a price, one hundred and fifty barrels of hyposulphite. This contract provided for "prompt shipment." Delivery was not tendered until November 18, 1918, and defendant refused to accept on the ground that prompt shipment was not made and that the condition of the contract in this regard was broken by plaintiff. The price of hyposulphite declined, and by this suit it is sought to recover the difference between the contract and the market price, which was, as plaintiff claims, $183.75.

The cause was tried by the court without a jury and the finding was for defendant with a judgment of *nil capiat*, of which judgment plaintiff by this appeal seeks a review.

The whole case rests in an interpretation of the meaning of the words "prompt shipment," plaintiff claiming that by custom 30 days is prompt shipment. This defendant disputes, insisting that the true meaning is a few days, viz., 2 or 3 days. Plaintiff, however, sought to excuse the delay on the ground that the federal government had under war power taken possession of all hyposulphite. This contention is contradictory of the claim that prompt shipment meant by custom within 30 days. However, a witness for plaintiff testified that he took the order for plaintiff from defendant after the government had commandeered all hyposulphite at the manufacturers.

The evidence was in conflict on the point of the meaning of the words "prompt shipment." We do

not think plaintiff established the 30-day custom for which he contends, but that on the contrary the trial judge might reasonably conclude from the proofs that 2 or 3 days would fulfil the stipulation for prompt shipment in the contract. The conflict in the testimony was peculiarly one to be solved by the trial judge, who was better able to judge of the credibility of the witnesses and their knowledge of the matters about which they testified than are we.

Moreover, we cannot say that the conclusions arrived at by the trial judge are contrary to the manifest weight of the evidence; that being so, we would not be justified in reversing the judgment.

We think the applicable principle is fairly well stated in *Tobias v. Lissberger*, 105 N. Y. 410, where the court said:

"Had there been no time specified it would undoubtedly have been the duty of the vendor to make delivery of the things sold within a reasonable time. But the contract provides for prompt shipment. This implies expedition and admits of less delay than would be permitted under a covenant to act merely within a reasonable time. The sole object of prompt shipment is to secure a speedy arrival. One who is ready is said to be prepared at the moment, while one who is prompt is said to be prepared beforehand."

From the dates of the contract it is patent that the decline in the market price of hyposulphite was in all probability produced by the cessation of hostilities in the great world war. Under a fair interpretation of the contract, we think this loss falls upon the plaintiff.

As there is no reason apparent for reversing the judgment of the municipal court, it is affirmed.

*Affirmed.*

Mr. Presiding Justice McSurely and Mr. Justice Dever concur.